261 F.2d 693
 Vuka Radovich STEPOVICH, Executrix of the Estate of Mike Stepovich, Appellant,
v.
Nick KUPOFF, James Zukoev, Mike Kitoff and Nick Kabak, a partnership doing business under the firm name and style of North Star Mining Company, Appellees.
 No. 15962.
 United States Court of Appeals Ninth Circuit.
 December 16, 1958.
 
 Charles E. Cole, Fairbanks, Alaska, Richard J. Archer, Marshall L. Small, Morrison, Foerster, Holloway, Shuman & Clark, San Francisco, Cal., for appellant.
 Taylor & Taylor, Warren A. Taylor, Fairbanks, Alaska, for appellees.
 Before HEALY and BONE, Senior Circuit Judges, and POPE, Circuit Judge.
 HEALY, Senior Circuit Judge.
 
 
 1
 This case has previously been before us under the caption Kupoff v. Stepovich, and our then disposition of it is reported in 184 F.2d at page 705 et seq. The case below had been heard before a jury, and at its close the trial judge had directed a verdict for the defendant Stepovich, as executrix. We reversed and remanded the cause with directions to grant a new trial.
 
 
 2
 On the second trial the jury found a verdict in favor of Kupoff et al. and awarded them damages in the sum of $26,802. The defendant has appealed.
 
 
 3
 The legal and factual situation is quite fully developed in our original opinion in the case, and the interested reader should consult that opinion. The principal argument of appellant appears predicated on the "dead man's" statute, 61-13-4 of the Alaska Compiled Laws (1949). The portion of the statute stressed reads as follows: "No claim which shall have been rejected by the executor or administrator * * * shall be allowed by any court, judge, referee, or jury, except upon some competent or satisfactory evidence other than the testimony of the claimant. * * * "
 
 
 4
 That the terms of this statute had been adequately met by the evidence on the original trial is undeniable, as may be seen by reference to pages 707 through 709 of our original opinion. And the official return of the United States Marshal's office as regards the seizures made and the ejection of Kupoff and his associates at the behest of Stepovich himself, in our opinion, served and serves to eliminate the "dead man's" statute from the picture.[1]
 
 
 5
 Appellant argues that the proof relative to damages is insufficient to support the verdict of the jury. We think otherwise. See Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 379, 47 S.Ct. 400, 405, 71 L.Ed. 684. The Court there observed that: "* * * a defendant whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible," citing Hetzel v. Baltimore & Ohio R., 169 U.S. 26, 39, 18 S.Ct. 255, 42 L.Ed. 648. That observation aptly fits this case.
 
 
 6
 The judgment below is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Consult Wigmore's criticism of this statute and his observations in respect of the modern trend of the courts toward the treatment of it. Wigmore on Evidence, 3d Ed., § 2065